# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Celia Hatter *and* ) | |
| Michael Hatter ) | |
|     *Plaintiffs* ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Capital Accounts, LLC ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     Incorp Services, Inc. ) | |
|     828 Lane Allen Road, Suite 219 ) | |
|     Lexington, KY 40504 ) | |
| ) | |
| First National Collection Bureau, Inc. ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     LexisNexis Document Inc. ) | |
|     421 W. Main Street ) | |
|     Frankfort, KY 40601 ) | |
| ) | |
| LVNV Funding, LLC ) | |
|     *Defendant* ) | |
| Serve: ) | |
|     Corporation Service Company ) | |
|     2711 Centerville Road, Suite 400 ) | |
|     Wilmington, DE 19808 ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA.

2. Defendants Capital Accounts, LLC ("Capital Accounts"), First National Collection Bureau, Inc. ("FNCB") and LVNV Funding, LLC ("LVNV") violated the FDCPA by collecting and attempting to collect increasing interest and/or fees on debts that neither Capital

Accounts, nor FNCB, nor LVNV had any legal right to recover from Plaintiffs.

3. Capital Accounts also violated the FCRA by furnishing false credit information concerning Plaintiffs to one or more credit reporting agencies.

## JURISDICTION

4. This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367.

## PARTIES

5. Plaintiff Celia Hatter is a natural person who resides in Fayette County, Ky. Ms. Hatter is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

6. Plaintiff Michael Hatter is a natural person who resides in Fayette County, Ky. Ms. Hatter is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

7. Defendant Capital Accounts, LLC ("Capital Accounts") is a Tennessee limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts in this state. Capital Accounts' principal place of business is located at 310 Billingsly Court, Franklin, TN 37067.

8. Capital Accounts regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the FCRA.

9. Defendant First National Collection Bureau, Inc. ("FNCB") is a Nevada

corporation, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors. FNCB's principal place of business is 610 Waltham Way, McCarran, NV 89434.

10. FNCB regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

11. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

12. LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the FCRA.

## STATEMENT OF FACTS

**I.    Facts as to Capital Accounts, LLC**

13. Plaintiff Celia Hatter, in an effort to monitor and improve her credit score and rating reviewed her credit reports and discovered negative credit information furnished by Capital Accounts in connection with a debt originated by Stephen P. Mattingly, DDS ("Mattingly").

14. Ms. Hatter incurred the debt to Mattingly for personal, family, and household

purposes, which makes the Mattingly debt a "debt" within the meaning of the FDCPA.

15. The negative credit information furnished by Capital Accounts stated:

**Account name**
CAPITAL ACCOUNTS

PO BOX 140065
NASHVILLE, TN 37214
615 297 1575
**Address identification number**
0089531303

**Original creditor**
STEPHEN P MATTINGLY DDS

**Account number**
635966

**Type**
Collection
**Terms**
1 Months

**On record until**
Aug 2017

**Recent balance**
$291 as of 12/01/2016

**Credit limit or original amount**
$291
**High balance**
$0
**Monthly payment**
$0
**Recent payment amount**
$0

**Date opened**
11/2011

**Date of status**
01/2012
**First reported**
01/2012
**Responsibility**
Individual

**Status**
Collection account.
$291 past due as of Dec 2016.

**Comment**
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).
**Reinvestigation information**
This item remained unchanged from our processing of your dispute in Oct 2016.

**Account history**

| 2016 | | | | | | | | | | | | 2015 | | | | | | | | | | | | 2014 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov |

| Aug | Jul | Jun | May | Apr | Mar | Feb | Jan |
|---|---|---|---|---|---|---|---|
| C | C | C | C | C | C | C | C |

Collection as of Jan 2012 to Dec 2016

**Balance history**

The following data will appear in the following format:
Date: account balance / date payment received / scheduled payment amount / actual amount paid
Nov 2016: $290 / No data / No data / No data
Oct 2016: $288 / No data / No data / No data
Sep 2016: $287 / No data / No data / No data
Aug 2016: $286 / No data / No data / No data
Jul 2016: $284 / No data / No data / No data
Jun 2016: $283 / No data / No data / No data
May 2016: $282 / No data / No data / No data
Apr 2016: $281 / No data / No data / No data
Mar 2016: $279 / No data / No data / No data
Feb 2016: $278 / No data / No data / No data
Jan 2016: $277 / No data / No data / No data
Dec 2015: $275 / No data / No data / No data
Nov 2015: $274 / No data / No data / No data
Oct 2015: $273 / No data / No data / No data
Sep 2015: $271 / No data / No data / No data
Aug 2015: $270 / No data / No data / No data
Jul 2015: $269 / No data / No data / No data
Jun 2015: $267 / No data / No data / No data
May 2015: $266 / No data / No data / No data
Apr 2015: $265 / No data / No data / No data
Mar 2015: $264 / No data / No data / No data
Feb 2015: $262 / No data / No data / No data
Jan 2015: $261 / No data / No data / No data
Dec 2014: $260 / No data / No data / No data
The original amount of this account was $291

16. Capital Accounts furnished negative credit information concerning Ms. Hatter and the Mattingly debt to one or more consumer reporting agencies for the purpose of collecting a "debt" from her. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19,

-4-

2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

17. The negative credit information furnished by Capital Accounts was false because it included between $1.00 and $2.00 in additional fees and costs added monthly that neither Capital Accounts nor Mattingly had no legal right to recover from Ms. Hatter, for a total of $30.00 in improper additional fees and costs added by November 2016.

18. Capital Accounts reported the negative credit information concerning Ms. Hatter and the Mattingly debt in an attempt to collect the Mattingly debt from Ms. Hatter.

19. In an effort to correct the erroneous credit information regarding the Mattingly debt supplied by Capital Accounts, on November 15, 2016 Ms. Hatter sent a dispute of the credit information supplied by Capital Accounts to Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian").

20. Equifax and Experian forwarded notice of Ms. Hatter's dispute to Capital Accounts, which thereby triggered Capital Accounts' duty under 15 U.S.C. §1681s-2(b) to reinvestigate the Mattingly debt.

21. Capital Accounts failed to conduct a reasonable investigation into Ms. Hatter's dispute concerning the negative credit information concerning Ms. Hatter and the alleged Mattingly debt that Capital Accounts is furnishing to Equifax and Experian.

22. Capital Accounts falsely verified the accuracy of the disputed negative credit information concerning the alleged Mattingly debt to Equifax and Experian.

23. As a result of Capital Accounts' failure to conduct a reasonable investigation of Ms. Hatter's dispute, Ms. Hatter suffered actual damages in the form of a lowered credit score and denial of credit.

24. Capital Accounts violated the FDCPA by transmitting false credit information concerning Ms. Hatter and the Mattingly debt to one or more consumer reporting agencies and by adding interest and/or fees to the Mattingly debt that Capital Accounts had no legal right to recover from Ms. Hatter.

25. Capital Accounts violated the FCRA by failing to conduct a reasonable investigation of Ms. Hatter's dispute after receiving notice of the dispute from Equifax and Experian and by failing to correct and update false and inaccurate credit information concerning Ms. Hatter and the Mattingly debt.

II. Facts as to First National Collection Bureau, Inc. and LVNV Funding, LLC

26. On February 11, 2017, First National Collection Bureau, Inc. ("FNCB") sent Mr. Hatter a dunning letter in an attempt to collect a debt on behalf of LVNV Funding, LLC ("LVNV") (the "FNCB Letter").

27. The FNCB Letter was an attempt to collect a credit card debt originated by Wells Fargo Bank, N.A. ("Wells Fargo") with an account number ending in 3946.

28. Upon information and belief, the Wells Fargo credit card account at issue in the FNCB Letter was used exclusively for personal, family, and/or household purposes, which makes the Wells Fargo credit card debt a "debt" within the meaning of the FDCPA.

29. The FNCB letter stated that the "Total Due" on the LVNV/Wells Fargo debt was $701.34.

30. Upon information and belief, the total due and owing on the Wells Fargo debt at the time LVNV acquired the Wells Fargo debt from Wells Fargo was no greater than $577, or at least $124 less than the amount demanded in the FNCB Letter.

31. The additional amount of at least $124 FNCB and LVNV attempted to collect from Mr. Hatter by means of the FNCB Letter consists of interest and/or fees which neither FNCB nor LVNV has any right to recover from Mr. Hatter.

32. FNCB violated the FDCPA by adding interest and/or fees to the Wells Fargo debt that neither FNCB nor LVNV had any legal right to recover from Mr. Hatter.

### Claims for Relief

I. **Claims against Capital Accounts, LLC**

    a. **Fair Debt Collection Practices Act (FDCPA)**

33. The foregoing acts and omissions of Capital Accounts, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

    b. **Fair Credit Reporting Act (FCRA)**

34. The foregoing acts and omissions of Capital Accounts, LLC ("Capital Accounts") violate the FCRA.

        i. **Violations of 15 U.S.C. §1681n**

35. After being informed by Equifax, Experian, and Trans Union that Ms. Hatter disputed the accuracy of the information it was providing concerning Ms. Hatter and the Mattingly debt, Capital Accounts willfully failed to conduct a proper investigation of Ms. Hatter's disputes filed with Equifax, Experian, and Trans Union that Capital Accounts was furnishing false negative credit information about Ms. Hatter and the Mattingly debt.

36. Capital Accounts willfully failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to Capital Accounts in conducting its

investigation, as required by 15 U.S.C. §1681s-2(b)(B).

37. Capital Accounts willfully failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Ms. Hatter pertaining to the Mattingly debt as required by 15 U.S.C. §1681s-2(b)(C).

38. Ms. Hatter has a private right of action to assert claims against Capital Accounts arising under 15 U.S.C. §1681s-2(b).

39. Capital Accounts is liable to Ms. Hatter for the actual damages she sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. §1681n.

### ii. Violation of 15 U.S.C. §1681o

40. After being informed by Equifax, Experian, and Trans Union that Ms. Hatter disputed the accuracy of the information it was providing concerning Ms. Hatter, Capital Accounts negligently failed to conduct a proper investigation of Ms. Hatter's disputes filed with Equifax, Experian, and Trans Union that Capital Accounts was furnishing false negative credit information about Ms. Hatter and the Mattingly debt.

41. Capital Accounts negligently failed to review all relevant information purportedly provided by Equifax, Experian, and Trans Union to Capital Accounts in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

42. Capital Accounts negligently failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Ms. Hatter pertaining to the Mattingly debt as required by

15 U.S.C. §1681s-2(b)(C).

43. Ms. Hatter has a private right of action to assert claims against Capital Accounts arising under 15 U.S.C. §1681s-2(b).

44. Capital Accounts is liable to Ms. Hatter for the actual damages she sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. §1681o.

### II. Claims against First National Collection Bureau, Inc.

#### a. Fair Debt Collection Practices Act (FDCPA)

45. The foregoing acts and omissions of First National Collection Bureau, Inc. constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

### III. Claims against LVNV Funding, LLC

46. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Celia Hatter and Michael Hatter request that the Court grant them the following relief:

1. Award Plaintiffs their actual damages against each Defendant pursuant to the FDCPA and/or FCRA;

2. Award Plaintiffs the maximum statutory damages against each Defendant pursuant to the FDCPA and/or FCRA;

3. Award Plaintiffs punitive damages against Capital Accounts pursuant to the FCRA, 15 U.S.C. § 1681n;

4. Award Plaintiffs their reasonable attorney's fees and costs;

5. Grant Plaintiffs a trial by jury on all issues deemed triable; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com